# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**MICHAEL ANTHONY WIMBUSH,**

      **Petitioner,**

                                  **Civil No: 03-74920**
                                  **Honorable Nancy G. Edmunds**
                                  **Magistrate Judge Donald Scheer**

**v.**

**SHERRY L. BURT,**

      **Respondent.**

---

## OPINION & ORDER DENYING PETITIONER'S REQUEST FOR AN ATTORNEY

### I. Introduction

On March 16, 2005, the Court filed an Opinion and Order and entered a Judgment Denying Petition for Writ of Habeas Corpus. Petitioner subsequently filed a Motion for Certificate of Appealability with the Court on April 15, 2005. Also on April 15, 2005, Petitioner filed Motion to Proceed on Appeal *In Forma Pauperis*. Presently before this Court is Petitioner's Request for an Attorney. The Court denied Petitioner's request for certificate of appealability. However, the Court

granted Petitioner's request for *in forma pauperis* status.

### II. Standard of Review

A habeas petitioner may obtain legal representation at any stage of the case "[w]henever the U.S. magistrate or the court determines that the interests of justice so require." *18 U.S.C. §3006A(a)(2)(B)*. The appointment of counsel for a habeas petitioner is within the discretion of

the court. *Thirkield, v. Pitcher,* 199 F.Supp.2d 637, 653 (E.D. Mich. 2002).

### III.  Law & Analysis

There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002).  "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is within the discretion of the Court and required only if, given the difficulty of the case and petitioner's ability: (1) the petitioner could not obtain justice without an attorney; (2) the petitioner could not obtain a lawyer on his own; and (3) the petitioner would have a reasonable chance of winning with the assistance of counsel. *See, Thirkield, v. Pitcher,* 199 F.Supp.2d at 653.

Although there is generally no right to counsel in habeas cases, counsel may be appointed in exceptional cases. *Lavado v. Keohane,* 992 F.2d 601, 605 (6th Cir. 1993).  Such exceptional circumstances exist where a prisoner acting pro se has made a colorable claim, but lacks the means to adequately investigate, prepare or present it. *Maclin v. Freake,* 650 F.2d 885, 887 (7th Cir. 1981). In determining whether exceptional circumstances exist, courts often look to the "type of case and abilities of the plaintiff to represent himself."  *Lavado v. Keohane,* 992 F.2d at 606. Those considerations "generally involve a determination of the complexity of the factual legal issues involved." *Id.*  Appointment of counsel is not appropriate where a pro se litigant's claims are frivolous, or when the chances of success are extremely slim.  *Id.*

Based upon the Court's finding that Petitioner has not raised any issues that are certifiable for appeal, the Court finds that Petitioner's claims are not colorable; and his case is not exceptional. The circumstances in this case are not any more complex at this point in the proceedings than they were in December 2003, when Petitioner filed his initial habeas petition *pro se.*  Moreover, Petitioner

2

has filed a request for *in forma pauperis* status along with supporting documentation which indicates

that he is indigent and has no means of paying an attorney for legal representation.  As previously

stated, the Court has granted Petitioner's request.  Therefore, Petitioner is free to proceed in this

case without the typical monetary burdens that come with filing and litigating claims.


       Accordingly,


       IT IS HEREBY ORDERED that Petitioner's Request for an Attorney **[Docket No: 33-1,**

**filed April 15, 2005]** is **DENIED.**




                        s/Nancy G. Edmunds
                        Nancy G. Edmunds
                        United States District Judge

Dated:  June 20, 2005

I hereby certify that a copy of the foregoing document was served upon counsel of record on
June 20, 2005, by electronic and/or ordinary mail.

                        s/Carol A. Hemeyer
                        Case Manager

3